JUDGE CROTTY

12 CIV 3035

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLWAY TOOLS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KLEVER KUTTER, L.L.C.,<br><br>Defendant. | ECF CASE<br><br>CIVIL ACTION NO.<br><br>RECEIVED APR 17 2012 U.S.D.C. S.D.N.Y. CASHIERS |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Allway Tools, Inc., (hereinafter "Plaintiff" or "Allway"), by and through its undersigned attorneys, for its Declaratory Judgment Complaint against Defendant, Klever Kutter. L.L.C. (hereinafter "Defendant" or "Klever Kutter"), alleges as follows:

## NATURE OF ACTION

1. This is an action for a declaratory judgment arising under the patent laws of the United States, 35 U.S.C. § 101 et. seq., for a declaration that U.S. Patent No. D 521,844 and U.S. Patent No. D527,604 ("the '844 and '604 patents"), both entitled " Cutter", are not infringed by any Allway product, and are invalid and/or unenforceable.  Attached hereto as Exhibit A is a copy of the ' 844 patent and attached as Exhibit B is a copy of the '604 patent.

## THE PARTIES

2.  Allway is a corporation organized and existing under the laws of the State of New York, with a business address located at 1255 Seabury Avenue, Bronx, New York 10462.

3.  Klever Kuttter is, on information and belief, a limited liability corporation under the laws of the State of Michigan, and has offices and a principle place of business located at 530 E. Giles Street, Muskegon, Missouri 49445.

4.  Allway is in the business of manufacturing and distributing safety cutters, among other products, throughout the United States.

5.  Klever Kutter is a supplier of safety cutters, one model of which is purportedly covered by the '844 and '604 patents.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338 with respect to the claims arising under the Patent Act, 35 U.S.C. §101 et. seq., and pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et. seq.

7.  There is complete diversity between Allway and Klever Kutter and the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this Court also has subject matter jurisdiction over this action under 28 U.S.C. §1332(a).

8.  Venue is proper in this district pursuant to 28 U.S.C. §1391 and §1400 because a substantial part of the events giving rise to the claims occurred

in this district, and Klever Kutter is subject to personal jurisdiction in this judicial district and Klever Kutter may be found in this judicial district.

9. Upon information and belief, there is personal jurisdiction over Klever Kutter since Klever Kutter is doing business within this State and judicial district, transacts business within this State and judicial district, derives substantial revenue from intra-state and inter-state commerce and is otherwise within the jurisdiction of this Court.

10. Upon information and belief, there is personal jurisdiction over Klever Kutter by reason of the assertions made against Allway in this District, namely, that Allway's sales of certain safety cutters infringe the '844 and '604 patents. In particular, in correspondence from representatives of Klevver Kutter to Allway, Klever Kutter has accused Allway of infringing their patent rights.

11. Further, there is personal jurisdiction over Defendant because Defendant offers for sale and, upon information and belief, has sold merchandise to consumers in the state of New York through its website located at <http://www.kleverinnovations.net>.

12. Klever Kutter has also accused at least one customer of Allway, Garvey Products, Inc., who carries Allways safety cutters, of infringement, and Allway has indemnified and will defend such customers in any litigation.

13. In view of the foregoing allegation that Allway is infringing the patent rights of Klever Kutter; Allway's intention at the present time to continue to conduct its business and activities relating to safety cutters which are now being asserted to infringe the '844 and '604 patents; and Allway's denial of such

allegations, there has been and now is an actual controversy between Allway and Klever Kutter regarding the non-infringement, invalidity and unenforceability of the patent rights asserted against Allway.

## FACTUAL BACKGROUND

14. The '844 and '604 patents both have a single claim that covers the ornamental design for a cutter as shown and described in the figures incorporated into the '844 and '604 patents.

15. On or about February or March 2012, Allway's customer, Garvey Products, Inc., received written and verbal communications from a representative of Klever Kutter, wherein such representative asserted, *inter alia*, that Allway's sale and distribution of certain safety cutters violate Klever Kutter's rights. Allway has issued an indemnification to such customer.

16. Further, correspondence directly from Klever Kutter to Allway demands that Allway cease all shipments of Allway's cutters and negotiate with Klever Kutter over such rights. A copy of an email sent on April 11, 2012 from Jeff Kempker at Klever Kutter to Donald Gringer at Allway stated that "[w]e have decided to pursue ever legal option we have at our disposal to start litigation against Allway and Garvey for the new tool (knock off of our line) Garvey is selling." A copy of this email is attached as Exhibit C.

17. By virtue of these accusations, Allway is compelled to seek a declaration from this Court that its safety cutter does not infringe the '844 and '604 patents and/or that the '844 and '604 patents are invalid and/or

unenforceable so that it may continue its normal business operations without further interruption from Klever Kutter.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

18. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 17 of this Complaint as if set forth in full herein.

19. An actual controversy has arisen and now exists between Allway and Klever Kutter concerning whether Allway's safety cutter has infringed and is infringing the '844 and '604 patents.

20. Allway has not infringed and does not infringe the claims of the '844 and '604 patents.

21. In particular, the manufacture, importation, use, offer for sale and/or sale in the United States by Allway's cutters accused by Klever Kutter do not infringe, either literally or under the doctrine of equivalents, the single claims of the '844 and '604 patents.

22. Allway does not contribute to the infringement of, or induce others to infringe, the claim of the '844 and '604 patents, nor has it ever done so.

23. By virtue of the foregoing, Allway desires a judicial determination of the parties' rights and duties with respect to the '844 and '604 patents.

24. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

25. The value of Allway's business, which is threatened to be interrupted by Klever Kutter's patent claims, far exceeds $250,000.

26. This is an exceptional case which entitles Allway to an award of reasonable attorney fees under 35 U.S.C. § 285.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

27. Plaintiff repeats and re-alleges each allegation in paragraphs 1 through 26 as if set forth in full herein.

28. An actual controversy has arisen and now exists between Allway and Klever Kutter concerning whether the '844 and '604 patents are invalid and unenforceable.

29. Upon information and belief, the claims of the '844 and '604 patents are invalid and/or unenforceable for failing to comply with one or more of the conditions and requirements of the patent laws, including, but not limited to 35 U.S.C. §§ 101, 102, 103 and/or 112, and/or the rules, regulations and laws pertaining thereto.

30. By virtue of the foregoing, Allway desires a judicial determination of the parties' rights and duties with respect to the '844 and '604 patents.

31. The value of Allway's business, which is threatened to be interrupted by Klever Kutter's patent claims, far exceeds $250,000.

32. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

33. This is an exceptional case which entitles Allway to an award of reasonable attorney fees under 35 U.S.C. § 285.

**WHEREFORE,** Allway prays for the following relief against Klever Kutter:

A.  For a declaration and judgment declaring that the '844 and '604 patents are not infringed by Plaintiff or any of Plaintiff's products;

B.  For a declaration and judgment declaring that the '844 and '604 patents are invalid and/or unenforceable;

C.  For a declaration and judgment declaring this case to be exceptional within the meaning of 35 U.S.C. § 285;

D.  For an award to Plaintiff of its costs, expenses and reasonable attorney fees as permitted by law; and

E.  For an award to Plaintiff for such other and further relief as the as the Court may deem just and proper.

## JURY DEMAND

Allway demands a trial by jury on all issues so triable.

Respectfully submitted,

GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____
George Gottlieb  (GG 5761)
Joshua Matthews  (JM1023)
270 Madison Avenue, 8th Floor
New York, New York 10016-0601
Telephone: (212) 684-3900
Facsimile: (212) 684-3999

*Attorneys for Plaintiff*

Dated: New York, New York
April 17, 2012

**EXHIBIT A**

(12) **United States Design Patent**  (10) Patent No.:     **US D521,844 S**
Kempker et al.                          (45) Date of Patent:  ** May 30, 2006

(54) **CUTTER**

(75) Inventors: **Jeffrey Allen Kempker**, Muskegon, MI (US); **Orville V. Crain**, Muskegon, MI (US); **Matthew Jon Jacobs**, Grand Haven, MI (US)

(73) Assignee: **Klever Kutter, LLC**, Muskegon, MI (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/223,004**

(22) Filed: **Feb. 7, 2005**

(51) **LOC (8) Cl.** .................................... 08-03
(52) **U.S. Cl.** ........................... D8/98; D8/102
(58) **Field of Classification Search** .............. D8/98, D8/99, 102; 30/286, 294, 314, 316, 317
       See application file for complete search history.

(56)          **References Cited**
              U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D294,797 S | * | 3/1988 | Itoh ................. D8/98 |
| D323,967 S | * | 2/1992 | Talbot ............... D8/98 |
| D329,584 S | * | 9/1992 | Shevin et al. ........ D8/102 |
| 5,522,135 A | | 6/1996 | Votolato |
| 5,581,893 A | | 12/1996 | Ovellelle |
| D377,595 S | * | 1/1997 | Wiezenthal .......... D8/98 |
| 5,613,300 A | | 3/1997 | Schmidt |
| 5,697,157 A | | 12/1997 | Votolato |
| 5,720,062 A | * | 2/1998 | Vaught .............. 30/294 |
| 5,819,419 A | * | 10/1998 | Schmidt ............ 30/294 |
| 5,852,874 A | | 12/1998 | Walker |
| 5,890,290 A | | 4/1999 | Davis |
| 6,003,181 A | * | 12/1999 | Wenk ................ 30/294 |
| D421,889 S | * | 3/2000 | Moore ............... D8/102 |
| 6,035,534 A | | 3/2000 | Abbott |
| 6,070,326 A | | 6/2000 | Berns |
| 6,178,640 B1 | | 1/2001 | Votolato |
| D439,493 S | * | 3/2001 | Chen ............... D8/103 |
| 6,578,266 B1 | | 6/2003 | Chomiak |
| 6,637,112 B1 | | 10/2003 | Davis |
| D481,609 S | * | 11/2003 | Perlmutter et al. .... D8/99 |
| D498,404 S | * | 11/2004 | Schmidt ............ D8/98 |

OTHER PUBLICATIONS

Better Tools 2003 Catalog.
Spectrum Tools 2002 Catalog.

* cited by examiner

*Primary Examiner*—Philip S. Hyder
(74) *Attorney, Agent, or Firm*—Warner Norcross & Judd LLP

(57)              **CLAIM**

The ornamental design for a cutter, as shown and described.

              DESCRIPTION

FIG. **1** is a perspective view of the cutter embodying the new design;
FIG. **2** is a top view thereof, the bottom view being a mirror image thereof;
FIG. **3** is a right side elevational view thereof;
FIG. **4** is a left side elevational view thereof;
FIG. **5** is a front view thereof; and,
FIG. **6** is a rear view thereof.
FIGS. **1–6** show features of a cutter in phantom lines. These features are shown for environmental purposes and do not form any part of the claimed design. Further, the phantom lines immediately adjacent the solid-line portions of the design form the boundary of the design, with the phantom lines forming no part of the claimed design.

**1 Claim, 3 Drawing Sheets**



U.S. Patent        May 30, 2006        Sheet 1 of 3        US D521,844 S



Fig. 1



Fig. 2



**EXHIBIT B**

US00D527604S

## (12) United States Design Patent
Kempker et al.

(10) Patent No.: **US D527,604 S**
(45) Date of Patent: \*\* **Sep. 5, 2006**

(54) **CUTTER**

(75) Inventors: **Jeffrey Allen Kempker**, Muskegon, MI (US); **Orville V. Crain**, Muskegon, MI (US); **Matthew Jon Jacobs**, Grand Haven, MI (US)

(73) Assignee: **Klever Kutter, LLC**, Muskegon, MI (US)

(\*\*) Term: **14 Years**

(21) Appl. No.: 29/233,353

(22) Filed: **Jun. 30, 2005**

(51) **LOC (8) Cl.** ..................................... 08-03
(52) **U.S. Cl.** .......................... D8/98; D8/102
(58) **Field of Classification Search** .................... D8/98, D8/99, 102; 30/286, 294, 314, 316, 317
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D294,797 S | * | 3/1988 | Itoh | D8/98 |
| D323,967 S | * | 2/1992 | Talbot | D8/98 |
| D329,584 S | * | 9/1992 | Shevin et al. | D8/102 |
| 5,522,135 A | | 6/1996 | Votolato | |
| 5,581,893 A | | 12/1996 | Ovellelle | |
| D377,595 S | * | 1/1997 | Wiezenthal | D8/98 |
| 5,613,300 A | | 3/1997 | Schmidt | |
| 5,697,157 A | | 12/1997 | Votolato | |
| 5,720,062 A | * | 2/1998 | Vaught | 30/294 |
| 5,819,419 A | * | 10/1998 | Schmidt | 30/294 |
| 5,852,874 A | | 12/1998 | Walker | |
| 5,890,290 A | | 4/1999 | Davis | |
| 6,003,181 A | * | 12/1999 | Wenk | 30/294 |
| D421,889 S | * | 3/2000 | Moore | D8/102 |
| 6,035,534 A | | 3/2000 | Abbott | |
| 6,070,326 A | | 6/2000 | Berns | |
| 6,178,640 B1 | | 1/2001 | Votolato | |
| D439,493 S | * | 3/2001 | Chen | D8/103 |
| 6,578,266 B1 | | 6/2003 | Chomiak | |
| 6,637,112 B1 | | 10/2003 | Davis | |
| D481,609 S | * | 11/2003 | Perlmutter et al. | D8/99 |
| D498,404 S | * | 11/2004 | Schmidt | D8/98 |

OTHER PUBLICATIONS

Better Tools 2003 Catalog.
Spectrum Tools 2002 Catalog.

\* cited by examiner

*Primary Examiner*—Philip S. Hyder
(74) *Attorney, Agent, or Firm*—Warner Norcross & Judd LLP

(57) **CLAIM**

The ornamental design for a cutter, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of the cutter embodying the new design;
FIG. 2 is a top view thereof, the bottom view being a mirror image thereof;
FIG. 3 is a right side elevational view thereof;
FIG. 4 is a left side elevational view thereof;
FIG. 5 is a front view thereof; and,
FIG. 6 is a rear view thereof.
FIGS. 1–6 show features of a cutter in phantom lines. These features are shown for environmental purposes and do not form any part of the claimed design. Further, the phantom lines immediately adjacent the solid-line portions of the design form the boundary of the design, with the phantom lines forming no part of the claimed design.

**1 Claim, 3 Drawing Sheets**





Fig. 1



Fig. 2



Fig. 3   Fig. 4   Fig. 5   Fig. 6

**EXHIBIT C**

**From:** jeffkempker@kleverinnovations.net [mailto:jeffkempker@kleverinnovations.net]
**Sent:** Wednesday, April 11, 2012 1:14 PM
**To:** Don Gringer
**Subject:** RE: Allway Tool -vs-Klever Kutter Line

Don,

Since I have not heard back from you I think that answers my question.  We have decided to pursue ever legal option we have at our disposal to start litigation against Allway and Garvey for the new tool (knock off of our line) Garvey is selling.

We will allow you 14 business days for a response before we file.

Sincerely,

Jeff Kempker
Klever Innovations
1734-F Airpark Drive
Grand Haven, MI  49417
1-231-557-7913 Cell
1-800-218-3068 Office
1-616-847-6824 Fax
www.kleverinnovations.net
www.twitter.com/kleverinnov
Making the workplace safer!

K klever
innovations